**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michelle Lowe, f/k/a Wallace, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  13 C 1614 |
| | ) | |
| Richard J. Boudreau & Associates, | ) | |
| LLC, a Massachusetts limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michelle Lowe, f/k/a Wallace, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C.  § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letters violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      The jurisdiction of the Court is invoked as authorized by § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resided here; and, c) Defendants transact business here.

**PARTIES**

3.      Plaintiff, Michelle Lowe, f/k/a Wallace ("Lowe"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a consumer debt that was allegedly owed to Citizens Bank.

4.      Defendant, Richard J. Boudreau & Associates, LLC ("Boudreau"), is Massachusetts limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Boudreau was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.      Ms. Lowe fell behind in paying her debts, including a debt she allegedly owed to Citizens Bank.  At some point in time after that debt became delinquent, Citizens Bank hired Defendant Boudreau to attempt to collect the debt.

6.      On March 2, 2012, Defendant Boudreau sent Ms. Lowe an initial form collection letter, which stated that the balance of the debt was $1431.08, and then stated, in pertinent part::

* * *

As of the date of this letter, you owe $1431.08.  Because of interest accruing, the amount due on the day you pay may be greater than the above balance.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment.  If so, we will inform you before depositing the payment.
* * *

A copy of this collection letter is attached as Exhibit A.

7.      In fact, no interest was accruing as to this debt, as is demonstrated by the subsequent collection letters Defendant Boudreau sent to Plaintiff, dated April 6, 2012, August 8, 2012, and September 12, 2012, each of which listed the balance as $1431.08.  Moreover, each of these letters also claimed that. "[B]ecause of interest

2

accruing", the amount due on the day the debt was paid may be greater. Copies of these letters are attached as Group Exhibit B.

8.  All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

9.  Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation of § 1692e Of The FDCPA --**
**False Statements That Additional Amounts May Be Due**

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

11. Defendant's statements, that interest was accruing on Plaintiff's debt was clearly false, as no interest was accruing. Thus, Defendant's statements that, "[B]ecause of interest accruing, the amount due on the day you pay may be greater than the above balance" were materially false, deceptive or misleading because the belief that the debt was continuing to increase would undoubtedly have been a factor in a consumer's decision-making process and could lead to a decision to pay a debt that the consumer would prefer to contest. Thus, Defendant's collection letters violate of § 1692e of the FDCPA. See, Lox v. CDA, Ltd., 689 F.3d 818, 823-827 (7th Cir. 2012).

12. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

3

## PRAYER FOR RELIEF

Plaintiff, Michelle Lowe, f/k/a Wallace, prays that this Court:

1.      Find that Defendant's debt collection letters violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Lowe, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michelle. Lowe, f/k/a Wallace, demands trial by jury.

Michelle Lowe, f/k/a Wallace

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  March 1, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

4